IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ROGER LAVOY DODD | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:17cv107 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roger Lavoy Dodd, an inmate confined at the Pack Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. As set forth in the Report, an out-of-time state application for writ of habeas corpus does not revive any portion of the fully-expired limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Therefore, petitioner's state application filed February 16, 2017 does not serve to toll the expired limitations period for his 1990 conviction for escape from jail in 1980. As a result,

petitioner's federal petition for writ of habeas corpus is barred by the applicable statute of limitations.[1]

Additionally, it is noted petitioner asserts that his state application for writ of habeas corpus regarding the conviction at issue in this petition was dismissed because he has completed his sentence. "[O]nce the sentence imposed for a conviction has completely expired [at the time his petition is filed], the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Therefore, petitioner cannot meet the "in custody" requirement necessary to bring a petition regarding his 1990 conviction. Thus, this petition should be dismissed, in the alternative, for this reason.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to

---

[1] To the extent petitioner complains that his 1990 conviction was used to enhance a 2016 sentence received in criminal cause number F1522084, petitioner has filed a separate habeas action attacking such conviction. *See Dodd v. Director*, Civil Action No. 9:17cv131 (E.D. Tex. 2017). The petition remains pending before the court. Accordingly, any claim concerning criminal cause number F1522084 should be brought in Civil Action No. 9:17cv131.

proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** May 10, 2019.

_____
Ron Clark, Senior District Judge